UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ONEWEST BANK NA,
Plaintiff(s),

- against -

FRITZ OBAS, NADEGE GEORGES, LEONARD DELASKY
Defendant(s).

2:14-CV-03238

**ATTORNEY AFFIRMATION IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT**

Erica T. Yitzhak, Esq., a partner of YITZHAK & EPSTEIN PC, with offices located at 17 Barstow Road, Suite 406, Great Neck, New York 11021, an attorney admitted to practice law in the Courts of the State of New York, hereby affirms the following to be true under penalties of perjury and pursuant to CPLR §2106:

1. I am an attorney with YITZHAK & EPSTEIN PC, the attorney of record for the Defendant in this action, and as such I am fully familiar with the facts of this case and the proceedings heretofore and herein.

2. The within motion is to vacate a default judgment entered against Defendants on March 15, 2016.

3. Therefore, in light of the foregoing facts and pursuant to all those reasons and legal arguments set forth and asserted therein Defendant's accompanying memorandum of law; Defendant submits the instant motion, requesting the Court to vacate the default judgment entered on March 15, 2016, the judgment of foreclosure and sale, and for such other and further relief as the Court may deem just and proper.

WHEREFORE, your Affirmant respectfully prays for the relief requested in the annexed Motion.

Dated: Great Neck, New York
April 18, 2017

I hereby certify pursuant to 22 NYCRR § 130-1.1-a that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers listed below or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1. 1(c):

//s//
Erica T. Yitzhak, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONEWEST BANK NA,<br>Plaintiff(s),<br><br>- against -<br><br>FRITZ OBAS, NADEGE GEORGES, LEONARD DELASKY<br>Defendant(s). | 2:14-CV-03238<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT** |

Defendant Nadege Georges ("Defendant"), by and through her attorneys, YITZHAK & EPSTEIN PC, respectfully submits the following memorandum of law in support of Defendant's motion to vacate the default judgment pursuant to Federal Rules of Civil Procedure §55(c) and §60 pending the hearing of Defendant's motion.

## PRELIMINARY STATEMENT

As explained and demonstrated hereinafter, Defendant was not served with the motion for a default judgment and the judgment of foreclosure and sale. The motion for a default judgment and the motion for a judgment of foreclosure and sale were all allegedly served at 1330 East Street, Elmont, New York and Defendant resides at 1330 E Street, Elmont, New York, which is a different address as there are both an E Street and East Street in Elmont, New York.

## STATEMENT OF FACTS

The motion for a default judgment and the judgment of foreclosure and sale were not served on Defendant Nadege Georges, and as such she had no knowledge of this matter until she received a Notice of Sale. It was at that time that Defendant retained her attorney. Defendant resides at 1330 E Street, Elmont, New York. The motion for a default judgment and the motion for a judgment of foreclosure and sale were allegedly served at 1330 East Street, Elmont, New

York. The last address is a different address as there is both an E Street and an East Street in Elmont, New York. Both motions, per the filed affidavit of service, were sent to the East Street address, which is not the address where Defendant resides.

## ARGUMENT

### LACK OF PERSONAL JURISDICTION FOR IMPROPER SERVICE OF PROCESS

If service upon Defendant is improper, the court lacks personal jurisdiction over the Defendant, and the default judgment entered against him must be vacated. *U.S. v. Cally*, 197 F.R.D. 27 (E.D.N.Y. 2000); *Triad Energy Corp. v. McNell*, 110 F.R.D. 382 (S.D.N.Y. 1986); *Humphrey v. New York Life Ins. Co.*, 2006 WL 3837718 (E.D.N.Y. 2006); *Palmieri v. Town of Babylon*, 2006 WL 1155162 (E.D.N.Y. 2006).

"Service pursuant to CPLR § 308 to the wrong address … confers no personal jurisdiction over the defendant." *Ahluwalia v. St. George's Univ.*, LLC, 63 F. Supp. 3d 251, 261 (E.D.N.Y. 2014); citing *Obrycki v. Ryp*, 972 N.Y.S.2d 145 (2013). Under Federal rule § 60 (b), a default judgment shall be vacated on the grounds that the court did not have jurisdiction to hear the matter. If service was not proper, the court does not have jurisdiction, and the default judgment and the judgment of foreclosure and sale must be vacated.

Under Rule §55 (c), an entry of default may be set aside "for good cause shown." *FBM Holdings LLC v. Goldwerks, Inc.*, No. 03CV2939 (DRH), 2006 WL 1229160, at 1 (E.D.N.Y. May 5, 2006). Also, "a judgment is void if entered against a party over whom the court lacks personal jurisdiction." Id. (holding that since the Defendant has shown that he was not properly served, the default judgment is vacated pursuant to rule 60(b)(4)).

Rule §55 does not define the term "good cause", but the Second Circuit has established three criteria that must be considered in deciding whether to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1983); *FBM Holdings LLC v. Goldwerks, Inc.*, No. 03CV2939 (DRH), 2006 WL 1229160, at 1 (E.D.N.Y. May 5, 2006).

Under Federal Rule §60 (b), the defendants are entitled to relief from a judgment. "A court retains its discretionary power to vacate its own judgment for sufficient reason and in the interest of substantial justice." *Goldman v. Cotter*, 10 AD3d 289, 293, quoting *Woodson v. Mendon Leasing Corp.*, 100 NY2d at 68; *Ladd v. Stevenson*, 112 NY 325, 332.

In the instant matter, Defendant would be prejudiced by not vacating the default judgment, the judgment of foreclosure and sale, and hearing the case on its merits. Public policy favors hearing a case on its merits over defaulting a party in an action. *Fishman v. Beach*, 246 A.D. 2d 779, 780 (3d Dept. 1998).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate Default Judgment and the Judgment of Foreclosure and Sale should be granted, and such other and further relief as the

Court may deem just and proper.

Dated: Great Neck, New York
April 18, 2017

**YITZHAK & EPSTEIN PC**
*Attorneys for Defendant*

By: //s//
Erica T. Yitzhak Esq.

17 Barstow Road, Suite 406
Great Neck, New York 11021
(516) 466-7144

IN SUPPORT OF ORDER TO SHOW CAUSE
FOR PRELIMINARY INJUNCTION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ONEWEST BANK NA,

Plaintiffs

against,

FRITZ OBAS, NADEGE GEORGES, LEONARD DELASKY

Defendants

-----------------------------------------------------------------X

2:14-CV-03238

AFFIDAVIT IN SUPPORT

COUNTY OF NASSAU )
STATE OF NEW YORK )

I, Nadege Georges, am over eighteen and being duly sworn, depose and says:

1. I, Nadege Georges, as plaintiff in the above-entitled action, respectfully move this court to order Plaintiff to show cause why they should not be enjoined from selling my home at 1330 E Street, Elmont, New York at a foreclosure auction on June 7, until a final disposition on the merits in the above-entitled action.
2. I own and am in possession of 1330 E Street, Elmont, New York. ("Premises").
3. I was never served with a Summons in a Civil Action or a Complaint in this matter, and I had no idea about this matter until I received a Notice of sale.
4. I was never served with the motion for a default judgment in this matter
5. I hired an attorney to represent me upon my learning about this action and I will be sending in a full package to the bank for consideration on a possible loan modification.
6. My attorney informed me the Summons, Complaint and Motion for a default judgment were all allegedly served at 1330 East Street, Elmont, New York. I

reside at 1330 E Street, Elmont, New York, a different address as there is both an E Street and an East Street in Elmont.

7. I am working as a burn unit nurse at Nassau County Medical Center and can afford to make monthly mortgage payments.

8. Unless this order is issued, I will suffer immediate and irreparable injury, loss and damage in that I will lose the home I reside in with my husband and three children, ages 8, 15 and 20. As can be seen from the foregoing, I have no adequate remedy at law.

9. Since there are only 4 days until the scheduled foreclosure auction of my home on June 7, 2016, this motion has been brought by order to show cause and no prior request has been made for the relief requested herein.

Wherefore, I respectfully request the Court grant the within relief as well as such other and further relief that may be just and proper.

Dated: June 3, 2016
Great Neck, New York

Nadege Georges

Sworn to before me this
3 Day of June, 2016

Notary Public

ERICA T. YITZHAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02YI6269810
Qualified in Nassau County
Commission Expires October 9, 2016

United States District Court
for the
Eastern District of New York

ONEWEST BANK, NA

Plaintiff,

v.

FRITZ OBAS, NADEGE GEORGES, LEONARD DELASKY A/K/A DELASKY LEONARD, JOHN DOE (being fictitious and unknown to Plaintiff, intended to be tenants, occupants, persons, or corporations having or claiming an interest in or lien encumbering the property described in the Complaint or their heirs at law, distributes, executors, administrators, trustees, guardians, assignees, creditors, or successors.)

Defendants.

Civil Action No. 14-cv-3238

**AFFIDAVIT OF SERVICE BY MAIL**

Richard R. Boorman, being duly sworn, deposes and states as follows:

That the deponent is an employee of Gross Polowy, LLC, attorney for the Plaintiff in the above entitled action and resides in the State of New York. That Deponent is not a party to this action and is over the age of 18 years.

That on the 2nd day of April, 2015, Deponent served a true copy of the Notice of Motion for Default Judgment, Affirmation in Support, and Exhibits in this action on the Defendant(s) and/or attorneys for the Defendant(s) and judges, whose names, representation and designated addresses appear below or as shown on the attached by depositing a true copy of same, enclosed in a postpaid properly addressed wrapper, in an official postal depository at 1775 Wehrle Drive, Suite 100, Williamsville, NY 14221, under the care and custody of the United States Postal Service within the State of New York.

The foregoing statements are true, under penalty of perjury.

Richard R. Boorman

Sworn to before me this 2nd day of April 20 15

Notary Public

LISA M. WILLIAMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
My Commission Expires August 26, 20 18

NADEGE GEORGES
1330 EAST STREET
ELMONT, NY 11003

FRITZ OBAS
5 SUNSET AVE
WHEATLEY HEIGHTS, NY 11798

LEONARD DELASKY A/K/A DELASKY LEONARD
1330 E STREET
ELMONT, NY 11003

HON. GARY R. BROWN
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
100 FEDERAL PLAZA
COURTROOM 840
CENTRAL ISLIP, NY 11722

United States District Court
for the
Eastern District of New York

ONEWEST BANK, NA,

Plaintiff,

v.

FRITZ OBAS, NADEGE GEORGES, LEONARD DELASKY A/K/A DELASKY LEONARD,

Defendant(s).

Civil Action No. 2:14-cv-03238

NOTICE OF ENTRY

**PLEASE TAKE NOTICE**, that the within is a true copy of the Judgment of Foreclosure and Sale entered in the United States District Court for the Eastern District of New York on March 15, 2016.

DATED: March 21, 2016
Westbury, New York

By: s/ Michael W. Nardolillo, Esq.

Michael W. Nardolillo, Esq
**GROSS POLOWY, LLC**
Attorneys for Plaintiff
900 Merchants Concourse, Ste 412
Westbury, NY 11590
Telephone: (716)204-1700
Facsimile: (716)204-1702
(Facsimile not for service)
mnardolillo@grosspolowy.com
MN8090

TO:

*See attached sheet*

ONEWEST BANK, NA

vs.

FRITZ OBAS, NADEGE GEORGES and LEONARD DELASKY A/K/A DELASKY LEONARD

Civil Action No.: 2:14-cv-03238

************************************************************************************

FRITZ OBAS
5 SUNSET AVE
WHEATLEY HEIGHTS, NY 11798

NADEGE GEORGES
1330 EAST STREET
ELMONT, NY 11003

LEONARD DELASKY A/K/A DELASKY LEONARD
1330 E STREET
ELMONT, NY 11003

KIMBERLY D. LERNER, ESQ.
REFEREE
1 OLD COUNTRY ROAD, SUITE 125
CARLE PLACE, NY 11514-1845